寬達法律事務所
**SOTONERS**
ATTORNEYS AT LAW

TEL: 886-2-23811997
FAX: 886-2-23703546
E-MAIL lawyers @ sotoners.com.tw

台北市中正區 100 廣州街 8 巷 21 號   21, LANE 8, KWANG-CHOW ST., CHUNG-CHEN DISTRICT, TAIPEI, TAIWAN.

## AFFIDAVIT

I, Roger K. C. Wang, of SOTONERS ATTORNEYS-AT-LAW, at 21, Lane 8, Kwang Chow Street, Chung Chen District 100, Taipei, Taiwan, make oath and say as following.

1. I am an attorney-at-law admitted to practice in Taiwan and one of the partner lawyer of SOTONERS ATTORNY-AT-LAW. I was instructed by PACIFIC BASIN HANDYSIZE LIMITED and PACIFIC BASIN HANDYSIZE (HK) LTD to serve to TUNG HO STEEL ENTERPRISE CORP the following documents.

   1). Answer and third-party complaint by the United State District Court Southern District of New York dated 20 March 2020; and
   2). Summons on a third-party complaint by United State District Court for the Southern District of New York dated 23 March 2020.

2. I delivered the said documents by sending a legally attested letter to United State District Court Southern District of New York to TUNG HO STEEL ENTERPRISE CORP and received a post office's receipt stamping their building, a copy of which is attached hereto. I also at around 1600 PM of 6 April received a phone call from Ms. Lee of the legal department of TUNG HO STEEL ENTERPRISE CORP. She confirmed their safe receipt of the above court documents and verified the contents of the each court papers. We asked her to attend the litigation and liason with their US lawyers to clarify her queries.

3. Given the above, I confirm that all of the said documents were duly served on and received by TUNG HO STEEL ENTERPRISE CORP.

Singed by Roger K. C. Wang

_____
Partner lawyer of Sotoners Attorneys at Law
On the ___8th___ day of April 2020

郵局存證信函用紙

副正
本本

郵　局

一、寄件人　姓　　名：寬達法律事務所
　　　　　　　　　　　王國傑　律師
　　　　　　詳細地址：臺北市中正區廣州街8巷21號1樓

國史館郵局
存證號碼　000234

二、收件人　姓　　名：東和鋼鐵股份有限公司
　　　　　　法定代理人：侯傑騰
　　　　　　詳細地址：臺北市中山區長安東路1段9號6樓

三、收件人　姓　　名：
　　　　　　詳細地址：

| 格\行 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 一 | 敬 | 啟 | 者 | ： | | | | | | | | | | | | | | | | |
| 二 | 茲 | 據 | 敝 | 當 | 事 | 人 | | PACIFIC | | | BASIN | | | HANDYSIZE | | | | | | |
| 三 | LIMITED | | | 及 | | PACIFIC | BASIN | | HANDYSIZE | | | (HK) | | | | | | | | |
| 四 | LTD | | 委 | 託 | ， | 將 | 美 | 國 | 法 | 院 | 兩 | 份 | 文 | 件 | ： | ANSWER | | AND | | |
| 五 | THIRD-PARTY | | | | COMPLAINT | | | | 及 | | SUMMONS | | | ON | | | | | | |
| 六 | A | | THIRD-PARTY | | | COMPLAINT | | | | （ | 如 | 附 | 件 | 1 | 、 | 2 | ） | | | |
| 七 | 送 | 達 | | 貴 | 司 | ， | 敬 | 請 | 查 | 收 | 確 | 認 | 為 | 禱 | 。 | | | | | |
| 八 | | | | | | | | | | | | | | | | | | | | |
| 九 | | | | | | | | | | | | | | | | | | | | |
| 十 | | | | | | | | | | | | | | | | | | | | |

本存證信函共　1　頁，正本　1　份，存證費　　　元，
　　　　　　　　　　　副本　　份，存證費　　　元，
　　　　　　　　　　　附件　5　張，存證費　　　元，
　　　　　　　　　　　加具副本　　份，存證費　　　元，合計　100　元。

經　　郵局　　　年　月　日證明正本副本內容完全相同　經辦員　　　主管　　　印

備註：
一、存證信函需送交郵局辦理證明手續後始有效，自交寄之日起由郵局保存之副本，於三年期滿後銷燬之。
二、在　　頁　　行第　　格下塗改增刪　　字（如有修改應填註本欄並蓋用寄件人印章，但塗改增刪每頁至多不得逾二十字。）
三、每件一式三份，用不脫色筆或打字機複寫，或書寫後複印、影印，每格限書一字，色澤明顯、字跡端正。

黏貼　郵票或郵資券　處

附件 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
BST CORPORATION d/b/a
BEST-STEEL TRADE CORPORATION,

                           Plaintiff,

               - against -

M/V ELLIOTT BAY (NOW M/V DALLY),
her engines, boilers, tackle, etc., PACIFIC
BASIN HANDYSIZE LIMITED, and
PACIFIC BASIN HANDYSIZE (HK), LTD.,

                          Defendants.
-----------------------------------------------------x
PACIFIC BASIN HANDYSIZE
LIMITED and PACIFIC BASIN
HANDYSIZE (HK), LTD.,

                   Third-Party Plaintiffs,

v.

TUNG HO STEEL ENTERPRISE CORP.,

                 Third-Party Defendant.
                                         x

ECF CASE

1:19-cv-02063-KPF

**ANSWER AND THIRD-PARTY COMPLAINT**





    Pacific Basin Handysize Limited, and Pacific Basin Handysize (HK) Ltd. ("the Defendant"), as for an Answer to the Complaint of the Plaintiff, BST Corporation d/b/a Best-Steel Trade Corporation ("the Plaintiff"), avers:

    1.    Paragraph 1 states a legal conclusion and, to that extent, is denied.

    2.    The Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint and, to that extent, denies them.

1





To the extent that the Paragraph refers to a written document, the Defendant states that the document speaks for itself.

3. The Defendant admits that it operated the M.V. Elliott Bay renamed the M.V. Dally ("the Vessel"); deny the remainder of the allegations contained in Paragraph 3.

4. The Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. The Defendant lacks information sufficient to admit or deny.

6. The Defendant denies the allegations in Paragraph 6.

7. The Defendant denies the allegations in Paragraph 7.

WHEREFORE, the Defendant prays that the Complaint be dismissed, together with costs, fees, and any further relief deemed just and proper.

### Affirmative Defenses

*First Defense*

8. The Court lacks personal jurisdiction over the Defendant.

*Second Defense*

9. The Court should enforce any forum selection and choice-of-law clauses that may have been included in the Charter Party's forum selection provision.

*Third Defense*

10. If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the condition of

2

the cargo when delivered, or from inherent defects, quality or vice of the cargo or insufficiency of packing or stowing, or by act or omission of the shipper or owner of the cargo, their agents or representatives at the ports of loading and discharge, and the Defendant is not under any liability therefor.

*Fourth Defense*

11. Due diligence was used to ensure that the Vessel was seaworthy and ensure that it was properly manned, equipped and supplied, and make the holds and all other parts of the Vessel in which the cargo was carried safe and fit for its reception, carriage, and preservation in accordance with all applicable contracts and statutes. If the cargo sustained any loss or damage while aboard the Vessel, the Defendant is not under any liability therefor.

*Fifth Defense*

12. If any loss or damage to the cargo occurred, as alleged in the Complaint, while on the Vessel, and if it be held that the loss or damage arose or resulted from the act, neglect or default of the Masters, mariners, pilots, or servants of the carrier in the navigation or in the management of the Vessel, which is also denied, the Defendant is not liable under any liability therefor.

*Sixth Defense*

13. If any loss or damage to the cargo occurred while aboard the Vessel, as alleged in the Complaint, and any loss or damage was due to an act of god, perils, dangers, or accidents of the sea or other navigable waters, or latent




3

defects not discoverable by due diligence, the Defendant is not under any liability therefor.

*Seventh Defense*

14. If any loss or damage to the cargo, as alleged in the Complaint, occurred while it was on board the Vessel, which is denied, such loss or damage arose without the Vessel's and its Owner's actual fault or privity and without fault or neglect of its agents or servants or anyone for whom it is responsible.

*Eighth Defense*



15. If it be proved at trial that the alleged loss or damage arose or resulted from a cause for which the Vessel is not liable under any of the provisions of the Charter Party and/or the bills of lading and/or the United States Carriage of cargo by Sea Act, 33 U.S.C. §§1300-15 ("COGSA") and/or the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated at Brussels 25 August, 1924 ("The Hague Rules"), and/or any other domestic or foreign legislation, rules, statutes, treaties or conventions, if applicable, the Defendant will claim the benefit thereof and be relieved of any liability with respect to Plaintiff's claim.

*Ninth Defense*



16. If Plaintiff is entitled to any recovery, which is denied, such recovery must be computed in accordance with the terms of the contracts of carriage and the provisions of any applicable statute, including COGSA, or any other



applicable domestic or foreign legislation, rules, statutes, treaties or conventions, and can in no event exceed $500 per package.

*Tenth Defense*

17. If any loss or damage to the cargo, as alleged in the Complaint, occurred while it was on board the Vessel, which is denied, such loss or damage arose or resulted from the act or neglect of third-parties over whom the Defendant had no control and for whom it has no liability.

*Eleventh Defense*

18. The Plaintiff fails to state a claim upon which relief may be granted.

WHEREFORE, the Defendant demands judgment dismissing the Complaint against it, together with costs, attorneys' fees and disbursements in defending this action and all other relief that this Court may seem just and proper.

## THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff, Pacific Basin Handysize Limited and Pacific Basin Handysize (HK) Ltd. ("PBHS" or "Third-Party Plaintiff"), complaining of the Third-Party Defendant, Tung Ho Steel Enterprise Corporation of Taiwan ("Tung Ho" or "Third-Party Defendant"), alleges:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. §1333.





Case 1:19-cv-02063-KPF   Document 25   Filed 03/20/20   Page 6 of 7



2. On or about January 10, 2018, Pacific Basin Handysize Limited and Tung Ho entered into a Charter Party Fixture Note ("Charter Party"), for the carriage of the cargo from Taichung, Taiwan, to Los Angeles, California.

3. The cargo was to be shipped by Tung Ho, carried by Pacific Basin Handysize Limited, and consigned to the Plaintiff.

4. After obtaining the Assignment of cargo, on March 6, 2019 Plaintiff filed suit against PBHS and the Vessel. The Complaint alleges, among other things, that the Plaintiff sustained damages with respect to certain goods, described as 12,538.832 metric tons of steel beams, that were damaged while being transported on board the Vessel.

5. Pacific Basin Handysize Limited entered into the Charter Party directly with Tung Ho, which chartered the Vessel to fulfill the terms of the contract with the Plaintiff.



6. If the cargo was damaged as alleged in the Complaint, said damage was due to breach of the Charter Party and/or negligence by Tung Ho., or of those for whom it is responsible.

WHEREFORE, Third-Party Plaintiff prays:



i. That judgment be granted in favor of the Plaintiff directly against Tung Ho pursuant to fed. R. Civ. P. 14(c) for the entire amount of any liability that may be judicially determined; alternatively,

  ii. That PBHS be granted indemnity from Tung Ho for the entire amount for which PBHS may be found liable to Plaintiff; alternatively,

  iii. That PBHS be granted contribution from Tung Ho towards any amount for which PBHS may be found liable to Plaintiff; and

  iv. That PBHS be granted such other and further relief as may be just and proper in the circumstances, including costs and reasonable attorneys' fees and disbursements incurred to defend against Plaintiff's claims in the action in chief.

Dated: New York, New York
   March 20, 2020

          Wanchoo Law Offices, LLP

          By: *Rahul Wanchoo*
            Rahul Wanchoo
            Aglaia Davis
            Wanchoo Law Offices, LLP
            350 Fifth Avenue, 59th Floor
            New York, New York 10118
            Phone: (646) 593-8866
            Fax: (646) 355-0244
            E-mail: rwanchoo@wanchoolaw.com




附件 2

Case 1:19-cv-02063-KPF   Document 27   Filed 03/23/20   Page 1 of 1

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

BST Corp. d/b/a  Best-Steel Trade Corp. )
*Plaintiff* )
v. )    Civil Action No.  19-cv-02063 (KPF)
Pacific Basin Handysize Ltd. et. al. )
*Defendant, Third-party plaintiff* )
v. )
Tung Ho Steel Enterprise Corporation )
*Third-party defendant* )

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*   Tung Ho Steel Enterprise Corporation
6F, No.9, Sec. 1, Chang-an E. Rd.
Taipei City 10441
Taiwan

A lawsuit has been filed against defendant   Pacific Basin Handysize  , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   Best-Steel Trade Corp.  .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
RAHUL WANCHOO
24 Old Chimney Road
Upper Saddle River, New Jersey 07458. U.S.A.

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
HAROLD M. KINGSLEY
91 West Cherry Street
Hicksville, New York 11801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date:  March 23, 2020

CLERK OF COURT

/s/ S. James
*Signature of Clerk or Deputy Clerk*





